IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHEL PATRICIA MCNAUGHTON,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-12291<br><br>**Judge Rebecca R. Pallmeyer**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff RACHEL PATRICIA MCNAUGHTON ("McNaughton" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS McNaughton's Motion as follows.

This Court finds McNaughton has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 10, 2025, [17] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, McNaughton has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of McNaughton's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-405-453; VA 2-405-411; VA 2-405-455; VA 2-410-806; and VA 2-405-451 (the "Rachel McNaughton Works") to residents of Illinois. In this case, McNaughton has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Rachel McNaughton Works. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Rachel McNaughton Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of McNaughton's previously granted Motion for Entry of a TRO establishes that McNaughton has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that McNaughton will suffer irreparable harm if the injunction is not granted.

Specifically, McNaughton has proved a *prima facie* case of copyright infringement because (1) the Rachel McNaughton Works are registered with the U.S. Copyright Office (2) Defendants are not licensed or authorized to use any of the Rachel McNaughton Works, and (3) Defendants' use of the Rachel McNaughton Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with McNaughton. Furthermore, Defendants' continued and unauthorized use of the Rachel McNaughton Works irreparably harms McNaughton through diminished goodwill and brand confidence, damage to McNaughton's reputation, loss of

exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, McNaughton has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Rachel McNaughton Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine McNaughton product or not authorized by McNaughton to be sold in connection with the Rachel McNaughton Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine McNaughton product or any other product produced by McNaughton, that is not McNaughton's or not produced under the authorization, control, or supervision of McNaughton and approved by McNaughton for sale under the Rachel McNaughton Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of McNaughton, or are sponsored by, approved by, or otherwise connected with McNaughton; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

       products or inventory not manufactured by or for McNaughton, nor authorized by McNaughton to be sold or offered for sale, and which bear any of McNaughton's registered copyrights, including the Rachel McNaughton Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon McNaughton's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to McNaughton expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon McNaughton's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Rachel McNaughton Works.

5. Any Third Party Providers, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Rachel Patricia McNaughton, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. McNaughton may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by

electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Rachel Patricia McNaughton and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Red Bean Coconut Milk and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Rachel Patricia McNaughton [15], and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The fifty thousand dollar ($50,000) bond posted by McNaughton shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Rebecca R. Pallmeyer
United States District Judge

Dated: October 23, 2025

## Schedule A

| No. | Defendants |
|---|---|
| 1 | Red Bean Coconut Milk |
| 2 | Esn nazpy |
| 3 | WALLDOR Warehouse Clearance Up to 50% off |
| 4 | GADMUIP |
| 5 | SUUTFBWV-Fall Deals UP 7-15 Days Delivery |
| 6 | UOFOCO Halloween & Fall Sale 2024 |
| 7 | KEDIDI |
| 8 | Yihaojia amaz0n warehouse sale clearance clothing |
| 9 | 2024 Prime Day Deals Today |
| 10 | MIEDEXP - Fall and Winter Clothes Deals |
| 11 | YSMKQY |
| 12 | halloween costumes CUFSO |
| 13 | boavni |
| 14 | Q-DH |
| 15 | Seaniy US |
| 16 | KCaHFO✈✈7-14Days Delivery |
| 17 | MINGshang |
| 18 | Halloween Costumes 2024 LAYHTKTL |
| 19 | prime big deal days early deals GuangMiao |
| 20 | BI&TKai |
| 21 | niaoniaokeji dsin |
| 22 | LIUZICO85 |
| 23 | chengshenmaoyi Prime Day Deals Today 2024 |
| 24 | WujiJia |
| 25 | BTLYUIOAPE Prime Day Deals Today 2024 |
| 26 | Aihuacao |
| 27 | mutourn |
| 28 | Qleicom US |
| 29 | Honey Peach |
| 30 | ZDRZK Direct Online |
| 31 | BCZHQQ Women Clothing |
| 32 | 四川筠慧怜迷科技有限公司 |
| 33 | ShangXuLong |
| 34 | zhaoyidedianpu |
| 35 | Fronage |

| 36 | DeogolShop |
|---|---|
| 37 | Bingzw |
| 38 | dsunrise |
| 39 | NSHDFUISHHUF |
| 40 | HeyMoonShop |
| 41 | XIXIYAN |
| 42 | JiaHongKeJiseller |
| 43 | Bengbobar Store |
| 44 | FengZhiChenQing |
| 45 | Choucii |
| 46 | WikT0kShow |
| 47 | fyldedianpu |
| 48 | ZOCAVIA-Women's |
| 49 | HaoLinQiXiang |
| 50 | JoeYuuz |
| 51 | FooinLove |
| 52 | LUDAMAI |
| 53 | XinPingShangLei |
| 54 | LIZHIXIQ |
| 55 | ChunAngXinRan |
| 56 | Fashion Women Clothes |
| 57 | Suhorseful Mall |
| 58 | BZGTZT |
| 59 | aroundCity |
| 60 | Prime Day Deals Today 2024 (Up To 50% Off Sale) |
| 61 | LMSXCT |
| 62 | JZGPF |
| 63 | Feancey-stroe |
| 64 | JuuoChu |
| 65 | ToSinno |
| 66 | Ulongpan |
| 67 | Shyam Framing Work |
| 68 | qingzi art |
| 69 | Best Seller of Womens Tops |
| 70 | ANKJIX |
| 71 | SDOHIG lightning deals of today prime |
| 72 | formyself |
| 73 | SMIDOW Online |

| | |
|---|---|
| 74 | shushangzhiliao |
| 75 | YinheX sports |
| 76 | YGEWJI |
| 77 | Fall Prime Halloween Sale & Deal ➤6-12 days⇲ |
| 78 | LKPJJFRG 2024(7-12 day fast delivery) |
| 79 | liremin |
| 80 | wei art |
| 81 | TrendVibe365 |
| 82 | CF TQWQT |
| 83 | SRIENE |
| 84 | Mrigtriles |
| 85 | Taymeis Fashion Stores |
| 86 | Biziza wardrobe |
| 87 | JinHeFang |
| 88 | Geai Co. ltd |
| 89 | NaRHbrg |
| 90 | Juebong |
| 91 | UPPADA |
| 92 | PATLOLLAV |
| 93 | RYRJJ |
| 94 | pimelu clothes store |
| 95 | Yyeselk |
| 96 | JINMGG |
| 97 | hgsbede |
| 98 | yuanzhen cao |
| 99 | ZQGJB |
| 100 | Teissuly Direct |
| 101 | Panties for Women |
| 102 | deals holiday kickoff |
| 103 | Homenesgenics |
| 104 | Kmxyo |
| 105 | YUHGODO |
| 106 | Anbech |
| 107 | Guzom Fashion |
| 108 | PIMOXV Clothing Clearance |
| 109 | Floleo |
| 110 | Scyoekwg |
| 111 | XingZhuang |

| | |
|---|---|
| 112 | ZVAVZ |
| 113 | CZHJS |
| 114 | Oalirro |
| 115 | AOOCHASLIY |
| 116 | Ctreela |
| 117 | BUIgtTklOP |
| 118 | Ganfancp |
| 119 | UTTOASFAY |
| 120 | CaComMARK PI |
| 121 | Toonshare |
| 122 | Tmtolofot |
| 123 | Bdfzl Women's Clothing Shops |
| 124 | Levmjia |
| 125 | ZZhouC |
| 126 | lhydz |